**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                                           **Case No: 6:24-cr-163-RBD-DCI**

**WILLIAM ERNESTO BARRIENTOS**
**GOTERA,**

      **Defendant.**

_____

### REPORT AND RECOMMENDATION

On June 21, 2024, the Defendant pled guilty to an information charging him with one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.  On that same date, the Defendant's wife and co-conspirator, Grisoris Betzi Barrientos pled guilty in a separate case.  *See* 6:24-cr-00164-WWB-DCI, at Docs. 1-2, 4.  A third co-conspirator, Daniel Bohorquez*,* also pled guilty to his participation in the conspiracy.  *See* 6:24-cr-157-RBD-LHP.  Though separately charged, each pled guilty to their participation in the same wire fraud conspiracy.

On October 8, 2024, the Defendant was sentenced to 36 months' imprisonment, followed by two years of supervised release. Docs. 35 and 37.  On November 4, 2024, Grisoris Betzi Barrientos was sentenced to 12 months' and one day of imprisonment, followed by two years of supervised release. *See* 6:24-cr-00164-WWB-DCI, at Docs. 38, 40.  On February 25, 2025, co-conspirator Daniel Bohorquez was sentenced to 48 months' imprisonment, followed by two years of supervised release.  *See* 6:24-cr-157-RBD-LHP, Docs. 46-47.

Now before the Court is the Defendant's one-page Motion for Return of Property Pursuant to Fed.R.Crim.P. 41(g).  Doc. 444 (the Motion).[1]  In the Motion, the Defendant requests return of:

- Two (2) iPhones
- Five (5) iPads
- Two (2) MacPro computer & perherials

*Id.*  As a basis for return, the Defendant states that the property at issue in the Motion was not forfeited and "is without further investigative or evidentiary value to authorities."  *Id.*

The government responded to the Motion.  Doc. 48.  In the response, the government first asserts that the Motion should be denied because the Defendant lacks clean hands concerning the property.  Second, the government asserts that the property at issue does have evidentiary value, so the government has a need to retain the property in the event a co-conspirator files a successful motion pursuant to 28 U.SC. § 2255.  In support of its arguments, the government asserts as follows:

> In the instant motion, the Defendant requests for the return of the following property to Co-Conspirator G. Barrientos: 1) two (2) iPhones, 2) five (5) iPads, and two (2) MacPro computer & peripherals (hereinafter "the Subject Property"). Doc. 44. Upon receipt of the instant motion and assignment to the case, the undersigned attorney reached out to the lead investigators with the FBI and inquired the evidentiary value of the listed property—as well as reviewed the discovery material in the instant case. The undersigned learned that the FBI seized several electronic devices from the Defendant and Co-Conspirator G. Barrientos, which includes the Subject Property. Specifically, FBI TFOs McNeese and Darcangelis were responsible for reviewing those devices and found files and records in all of them that were relevant to their investigation. For example, many of the iPads and iPhones contained images of altered identification documents that were used to submit fraudulent COVID loans and to open fraudulent bank accounts.

Doc. 48 at 3.

Motions for return of property seized during criminal proceedings are governed by Rule 41(g) which states in its entirety:

---

[1] An unredacted, sealed version of the Motion exists at Doc. 43-1.

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). When a return of property motion pursuant to Rule 41(g) is filed after a conviction it is treated as a civil action in equity. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). To grant a return of property motion, the court must find that the movant has (1) a possessory interest in the seized property and (2) "clean hands" with respect to that property. *See Id.* at 974.

Here, the government has asserted that all of the property at issue in the Motion was seized by the FBI and that agents confirmed that they "found files and records in all of them that were relevant to their investigation." Doc. 48 at 3.[2] Based on that, the government asserts that, "The electronic devices were not only utilized in the commission of the offense, but contain direct evidence of the Defendant, Co-Conspirator G. Barrientos, and Co-Conspirator Bohorquez's involvement in furtherance of the conspiracy." *Id*. at 6. On the other hand, in the Motion, the Defendant fails to address the nexus between the property and the offense of conviction or whether the Defendant has clean hands in relation to the property; Defendant asserts simply that the subject property "is without further investigative or evidentiary value to authorities." Doc. 44. Considering the record before the Court, the undersigned cannot recommend that the Defendant has clean hands. While the Defendant asserts in a conclusory manner that the property has no "*further* investigative or evidentiary value"—perhaps considering the finality of the Defendant's conviction—it appears uncontradicted that the property does constitute evidence and

---

[2] The government does not appear to challenge the Defendant's assertion concerning a possessory interest.

instrumentalities of the offense of conviction.  As such, the Motion is due to be denied.  *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) (explaining that, "in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands").

However, even if the Court found the government's explanation insufficient concerning whether the Defendant lacks clean hands,[3] there still appears to be an ongoing need for the government to retain the property.  In its response, the government explains that "the mandate dismissing Co-Conspirator Bohorquez's notice of appeal was issued on May 30, 2025—thus, the 1-year period of limitation for Co-Conspirator Bohorquez to file any motions pursuant to 28 U.S.C. § 2255 will run on May 30, 2026."  Doc. 48 at 7 (citing 28 U.S.C. § 2255(f)).  The government asserts that it "needs to retain the Subject Property in the event Co-Conspirator Bohorquez files and prevails on any remaining post-conviction motions, pursuant to 28 U.S.C. § 2255, still at his disposal."  Doc. 48 at 6.  Based on that, the undersigned recommends that the Motion is also due to be denied in light of the evidentiary value of the property in future, potential proceedings concerning a co-conspirator.  *See United States v. Stoune*, 842 F. App'x 433, 436 (11th Cir. 2021) ("As these items are linked to his criminal conduct, Stoune is not entitled to their return. Moreover, because Stoune's 28 U.S.C. § 2255 motion to vacate remains pending, we cannot say that the government will not need these items if there is a new trial.").

Accordingly, it is hereby **RECOMMENDED** that the Motion (Doc. 44) be **DENIED**.

### <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension

---

[3] The undersigned notes that the government's response was neither verified nor supported by an affidavit or any other evidence.

of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 30, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

- 5 -